OPINION
{¶ 1} Plaintiffs-appellants-cross appellees Darene and Jerry Jordan appeal from the July 5, 2002, Judgment Entry of the Stark County Court of Common Pleas which granted, in part, and denied, in part, the parties' motions for Summary Judgment. Defendant-appellee-cross appellant is Travelers Property Casualty Insurance Company [hereinafter Travelers].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 9, 1998, appellant Darene Jordan was injured while operating a motor vehicle when another vehicle owned and operated by Bernard McKimm made a left turn into Darene's path. At the time of the crash, McKimm was insured under an insurance policy issued by Western Reserve Insurance Company that provided automobile liability coverage with limits of $100,000.00. Subsequently, appellants settled their claims against McKimm and Western Reserve for $90,000.00.
 {¶ 3} Appellant Darene Jordan was unemployed and her husband, appellant Jerry Jordan, was an employee of the Sally Beauty Company [hereinafter Sally Beauty]. Sally Beauty was the named insured under a Travelers commercial auto policy which provided automobile liability coverage of $1,000,000.00 per accident and a Travelers commercial general liability policy which provided bodily injury liability coverage of $1,000,000.00. On June 15, 2000, appellants notified Travelers that they intended to make a claim for uninsured/underinsured motorist [hereinafter UM/UIM] coverage under Sally Beauty's Travelers policies pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660,710 N.E.2d 1116, and Ezawa v. Yasuda Fire Marine Ins. Co. ofAmerica (1999), 86 Ohio St.3d 557, 558, 715 N.E.2d 1142, 1143.
 {¶ 4} On April 23, 2001, after Travelers denied coverage, appellants brought the present action against Travelers. In the Complaint for a Declaratory Action, appellants alleged that the commercial general liability policy and commercial auto policy issued by Travelers to Sally Beauty provided UM/UIM coverage to appellants.
 {¶ 5} Both appellants and Travelers filed motions for Summary Judgment. In its July 5, 2002, Judgment Entry, the Stark County Common Pleas Court granted, in part, and denied, in part, the parties' motions for Summary Judgment. The trial court held the following, in pertinent part:
 {¶ 6} 1. The Travelers commercial general liability policy was not an "automobile liability or motor vehicle liability policy of insurance" as defined under R.C. 3937.18(L) (as amended by HB 261, eff. Sept. 3, 1997);
 {¶ 7} 2. Ohio UM/UIM coverage was not properly rejected under the Travelers commercial auto liability policy.
 {¶ 8} 3. Jerry Jordan was an insured for purposes of Ohio UM/UIM coverage arising by operation of law under the Travelers commercial auto liability policy, but Darene Jordan was not — due to the lack of "family member" language applicable to Ohio UM/UIM coverage arising by operation of law.
 {¶ 9} 4. The Travelers commercial auto policy provided Ohio UM/UIM coverage by operation of law with a combined single limit of $1 million per accident — irrespective of Sally Beauty's $250,000.00 deductible.
 {¶ 10} It is from the July 5, 2002, Judgment Entry that appellants appeal, raising the following assignments of error:
 {¶ 11} "I. The trial court erred in granting partial summary judgment against plaintiffs-appellants and in favor of defendant-appellee by finding that the Commercial General liability policy issued by defendant-appellee is not a motor vehicle liability policy subject to the requirements of R.C. 3937.18.
 {¶ 12} "II. A. The trial court erred in granting partial summary judgment against plaintiffs-appellants and in favor of defendant-appellee by using the definition of "who is an insured" found in the commercial auto liability policy issued by defendant-appellee, rather than the definition of "who is an insured" found in the express uninsured/underinsured Motorist endorsement portion of the same policy.
 {¶ 13} "B. The trial court further erred in finding that plaintiff-appellant Darene Jordan, is not an insured for purposes of uninsured/underinsured motorist coverage pursuant to the Commercial Auto Policy issued by defendant-appellee.
 {¶ 14} Travelers brought a cross appeal. In the cross appeal, Travelers raises the following assignments of error:
 {¶ 15} "I. The trial court committed reversible error by holding that Ohio UM/UIM coverage was not properly rejected by Sally Beauty Company ("SBC.").
 {¶ 16} "II. The trial court committed reversible error by holding that plaintiff-appellant/cross-appellee Jerry Jordan ("Mr. Jordan') was an insured.
 {¶ 17} "III. The trial court committed reversible error by holding that any UM/UIM coverage imposed by operation of law could not be triggered until damages exceeded SBC's [Sally Beauty's] self-insured layer."
 {¶ 18} This matter came before the trial court upon cross motions for summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. Civ. R. 56(C) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 19} It is based upon this standard that we review the assignments of error raised on appeal and cross-appeal.
 I {¶ 20} In appellants' first assignment of error, appellants contend that the trial court erred in granting summary judgment in favor of Travelers by finding that the Commercial General Liability Policy [hereinafter CGL] issued by Travelers was not a motor vehicle liability policy subject to R.C. 3937.18. We disagree.
 {¶ 21} The CGL states the following, in pertinent part:
 {¶ 22} "This insurance does not apply to:
 {¶ 23} ". . .
 {¶ 24} "`Bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, `auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and `loading and unloading.'
 {¶ 25} "This exclusion does not apply to:
 {¶ 26} ". . .
 {¶ 27} "(3) Parking an `auto' on, or on the ways next to premises you own or rent, provided the `auto' is not owned by or rented or loaned to you or the insured." See, Commercial General Liability Coverage Form, pgs. 2 — 3.
 {¶ 28} This policy language is analogous to the policy language recently considered in Jett v. State Automobile Mutual InsuranceCompany, Stark No. 2002CA00183, 2002-Ohio-7211. See also Szekeres v.State Farm Fire and Casualty Co., Licking App. No. 02CA00004,2002-Ohio-5989. In Jett, this court held that such a provision did not create a motor vehicle liability policy. Since the CGL policy was not a motor vehicle liability policy, the policy was not covered by R.C. 3937.18.Jett, supra. Based upon our reasoning in Jett, we find that the CGL issued by Travelers was not a motor vehicle liability policy subject to R.C. 3937.18.
 {¶ 29} Appellants' first assignment of error is overruled.
 II {¶ 30} In appellants' second assignment of error, appellants argue that the trial court erred in granting summary judgment in favor of Travelers when it used the definition of "who is an insured" found in the commercial auto liability policy [hereinafter auto liability policy], rather than the definition of "who is an insured" found in the UM/UIM portion of the auto liability policy.[1] Further, appellants contend that the trial court erred when it found that appellant Darene Jordan, a family member of an employee of Sally Beauty, was not an insured for purposes of UM/UIM coverage. We disagree.
 {¶ 31} This court has previously looked to the language of the auto liability policy to determine who is an insured when the UM/UIM coverage arises by operation of law. See Szekeres v. State Farm Fire andCasualty Co., Licking App. No. 02CA0004, 2002-Ohio-5989; Walton v.Continental Casualty Co., Holmes App. No. 02CA002, 2002-Ohio-3831. See also, Scott-Pontzer v. Liberty Mutual Fire Insurance, 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116. Therefore, we find no error.
 {¶ 32} Further, the auto liability policy does not include language which would protect family members of the insured. The auto liability policy states the following:
 {¶ 33} "1. WHO IS INSURED
 {¶ 34} "The following are `Insureds':
 {¶ 35} "a. You for any covered `auto'.[2]
 {¶ 36} "b. Anyone else while using with your permission a covered `auto' you own, hire or borrow except:
 {¶ 37} "(1) The owner or anyone else from whom you hire or borrow a covered `auto'. This exception does not apply if the covered `auto' is a `trailer' connected to a covered `auto' you own.
 {¶ 38} "(2) Your employee if the covered `auto' is owned by that employee or a member of his or her household.
 {¶ 39} "(3) Someone using a covered `auto' while he or she is working in a business of selling, servicing, repairing or parking `autos' unless that business is yours.
 {¶ 40} "(4) Anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered `auto'.
 {¶ 41} "(5) A partner of yours for a covered `auto' owned by him or her or a member of his or her household.
 {¶ 42} "c. Anyone else who is not otherwise excluded under paragraph b above and is liable for the conduct of an `Insured' but only to the extent of that liability."
 {¶ 43} Thus, if UM/UIM coverage arose by operation of law, Darene, as a family member, would not be an insured under the policy. Therefore, we again find no error.
 {¶ 44} Appellants' second assignment of error is overruled.
 CROSS-APPEAL I {¶ 45} In appellee-cross appellant Travelers first assignment of error raised on cross-appeal, Travelers argues that the Travelers auto liability policy does not provide UM/UIM coverage because Sally Beauty validly rejected UM/UIM coverage. We disagree.
 {¶ 46} The rejection in this case is governed by R.C. 3937.18, as amended by H.B. 261, effective September 7, 1997. As amended, R.C. 3937.18
states that a named insured may reject UM/UIM coverage if it is in writing and signed by the named insured. Prior to the amendment of R.C. 3937.18, the Ohio Supreme Court required four elements be met in order to satisfy the statutory requirement of a written offer of UM/UIM coverage.Linko v. Indemnity Ins. Co. of North America (2000), 90 Ohio St.3d 445. In Linko, the Ohio Supreme Court held that the insurer must first inform the insured of the availability of UM/UIM coverage; secondly, set forth the premium for the coverage; thirdly, include a brief description of the coverage, and fourthly, expressly state the UM/UIM coverage limits in its offer. Id. at 447-449. If any of the elements are absent, there is no express offer and no rejection can be made as a matter of law. While Linko was a pre-H.B. 261 case, in Kemper v. Michigan Millers MutualInsurance Co., 98 Ohio St.3d 162, ___ N.E.2d ___, 2002-Ohio-7101, the Ohio Supreme Court held that the Linko requirements are applicable to policies of insurance to which R.C. 3937.18, as amended by HB 261, is applicable. (Affirming this court's decision in Pillo v. Stricklin
(January 28, 2002), Stark Appellate No. 2001CA203, 2002-Ohio-363).
 {¶ 47} On appeal, Travelers argues that the rejection form at issue contains all four of Linko's requirements. Appellants, on the other hand, argue that the rejection form does not expressly state the premium for UM/UIM coverage and therefore, does not comply with Linko. We agree with appellants that the rejection form does not sufficiently state the premium for UM/UIM coverage.
 {¶ 48} A review of the rejection form, on its face, does not indicate the premium for the coverage being rejected. Travelers directs this court to an endorsement to the policy that sets forth the premium for liability coverage under the policy ($169.00 per vehicle) and argues that the rejection or election of UM/UIM coverage did not affect the premium because UM/UIM coverage was included in the liability coverage premium. However, Travelers does not point this court to any language in the rejection form, or even the policy, that states that the UM/UIM coverage was, in essence, free. Therefore, even if the UM/UIM coverage was offered for no extra charge, it cannot be determined from the rejection form that UM/UIM coverage was no extra charge. Thus, we find that the rejection form did not adequately state the premium (or cost) of UM/UIM coverage.
 {¶ 49} Cross-appellant Travelers' first assignment of error raised on cross-appeal is overruled.
 CROSS-APPEAL II {¶ 50} In the second assignment of error raised on cross-appeal, Travelers argues that appellant-cross-appellee Jerry Jordan does not qualify as an insured under the Travelers auto liability policy because any UM/UIM coverage imposed upon the Travelers auto liability policy would be subject to a "Drive Other Car Coverage — Broadened Coverage for Named Individuals Endorsement" [hereinafter DOC Endorsement]. Appellee contends that the DOC Endorsement distinguishes this case from that of Scott-Pontzer because it removes the ambiguity present in Scott-Pontzer and dictates that appellant-cross-appellee Jerry Jordan be found not to qualify as an insured.
 {¶ 51} However, this court has addressed this issue previously. In essence, Travelers asks this court to reverse its holding in Still v.Indiana Ins. Co., Stark App. No. 2001 CA 00300, 2002-Ohio-1004. In Still, this court held that such an endorsement did not remove the ambiguity found by the Ohio Supreme Court in Scott-Pontzer, supra. Upon reconsideration, we adhere to this court's previous holding. We find that the DOC Endorsement does not remove the ambiguity and that cross-appellee Jerry Jordan qualifies as an insured.
 {¶ 52} Cross-appellant Travelers' second assignment of error on cross-appeal is overruled.[3]
 CROSS-APPEAL III {¶ 53} In the third assignment of error raised on cross-appeal, Travelers contends that Sally Beauty was self-insured for the first $250,000.00 of liability. Therefore, Travelers contends that even if UM/UIM coverage is imposed by operation of law, coverage is limited to the extent that damages exceed Sally Beauty's self-insurance layer. We agree.
 {¶ 54} This court looked at this issue recently in Dalton v.Travelers Insurance Co., Stark App. Nos. 2001CA00380, 2001CA00393, 2001CA00407, 2001CA00409, 2002-Ohio-7369. In Dalton, this court held that an employer was self-insured in the practical sense, in part, when, as part of an insurance agreement, the employer agreed to reimburse the insurance company for payments made by the insurance company under the policy up to the retained amounts and to provide a promissory note and security as collateral. The employer In Dalton had a commercial automobile liability policy which had limits of $2,000,000.00 and a general liability policy which had limits of $1,000,000.00. Under a payment agreement, the employer was responsible for each payment made under the policy, up to $500,000.00 for the commercial automobile liability policy and $1,000,000.00 for the general liability policy. Thus, the employer was found to be self-insured up to $500,000.00 under the commercial automobile liability policy and up to the policy limit of $1,000,000.00 under the general liability policy. This court then concluded that R.C. 3937.18 did not apply to the employer and the insurance policies up to the self-insured amounts but did apply above that amount. In other words, covered damages would be covered but only to the extent the damages were between $500,000.00 and Two Million Dollars.
 {¶ 55} The case sub judice is analogous in that Travelers and Sally Beauty entered into an agreement whereby Travelers would administer claims under Sally Beauty's $250,000.00 deductible and Sally Beauty would indemnify and hold Travelers harmless from and against any claims falling within the deductible. Sally Beauty was required to provide Travelers with a Letter of Credit to secure Sally Beauty's obligations. If Sally Beauty defaulted under the agreement, Travelers had the right to immediately terminate the partial fronting program and satisfy any amounts due by drawing upon the full amount of the Letter of Credit.
 {¶ 56} Because Sally Beauty agreed to reimburse the insurance company for payments made by the insurance company under the policy up to the retained amounts (or deductible) and to provide a Letter of Credit upon which Travelers could draw in the case of default, we find that Sally Beauty was self-insured for the amount of the deductible, or $250,000.00. Therefore, R.C. 3937.18 does not apply up to $250,000.00 but does apply to the amounts over $250,000.00. In other words, the UM/UIM coverage would be for damages after they exceeded $250,000.00 and only to the extent the damages did not exceed the One Million Dollar limit of the commercial auto liability policy.
 {¶ 57} Cross-appellant Travelers' third assignment of error raised in the cross-appeal is sustained.
 {¶ 58} The judgment of the Stark County Court of Common Pleas is affirmed, in part, and reversed, in part. The matter is remanded for further proceedings in accordance with law.
By Edwards, J., Gwin, P.J. and Boggins, J. concur.
In Re: Summary Judgment — UM/UIM Coverage.
[1] The auto liability policy sub judice provides coverage in multiple states. Included in the policy is an "uninsured motorists coverage" endorsement. However, there was a rejection of uninsured and underinsured motorist coverage in this case. See Cross Appeal I. The trial court found said rejection to be invalid and found that UM/UIM coverage arose by operation of law.
[2] The words "you" and "your" refer to the named insured, Sally Beauty Company. Auto liability policy, pg. 1 0 9 (CA 00 01 01 87).
[3] This issue is currently on appeal to the Ohio Supreme Court in Westfield Ins. Co. v. Galatis, No. 2002-0932, 2002-Ohio-3512.